## Cykoski's Estate

Before Lamorelle, P. J., Gest, Henderson, Van Dusen, Stearne, and Sinkler, JJ., and Marx, P. J., twenty-third judicial district.

The facts appear from the adjudication of:

MARX, P. J., twenty-third judicial district, specially presiding.—Juzef Cykoski, also known as Joseph Czajkowski, died January 30, 1931. Letters of administration c. t. a. were granted to Milton Reedmoyer March 5, 1931.

The copy of the writing probated as the will of decedent is not accurate. An examination of the original document shows that it reads as follows:

"UNITED STATES OF AMERICA
"COUNTY OF PHILADELPHIA, SS.

"BE IT KNOWN, That on the day of the date hereof, before me the undersigned, a Notary Public, for the Commonwealth of Pennsylvania, residing in the City of Philadelphia, personally appeared before me Joseph Chaikowski of Phila residing 17 Christian St. Phila Pa. who being duly sworn, according to law, did depose and say, that

"Mutual Life Insurance
I am insured in the Prudential Insurance Company of
America under policy No. 5522570—
5742271 under Mutual Life
Insurance Co. of Baltimore and it is my
desire and I hereby direct the Mutual
Life Insurance Co. of Baltimore to pay over
the said insurance to Theodore Jazieck
residing at 17 Christian St. Phila Pa. at
my death. the said Theodore Jazieck to
derive all benefit that I am entitled under
said insurance at the time of my death.

"[signed]    Juzef Cykoski."

Testator states he is insured in the Mutual Life Insurance Company of Baltimore and the Prudential Insurance Company of America. This was a correct statement, because the inventory and appraisement shows policies issued by both companies. After making this statement, he gives the numbers of the policies, to wit, no. 5522570 and no. 5742271. Both of these policies were issued by the Mutual Life Insurance Company of Baltimore. While the inventory and appraisement contains policies issued by the Prudential Insurance Company of America, it does not contain a policy numbered either 5522570 or 5742271. After giving the numbers of the policies, testator states that it is his desire that the Mutual Life Insurance Company of Baltimore shall pay over the said insurance to Theodore Jazieck. There is no statement that the Prudential Insurance Company of America shall make any payment. Taking all of the language together, it is clear that testator intended to give to Theodore Jazieck the proceeds of policies 5522570 and 5742271; and this intention must

be given effect, notwithstanding the fact that he had erroneously described one of these policies as having been issued by the Prudential Insurance Company of America. It is also clear that he did not intend to give the beneficiary named any of the proceeds of the policies issued by the Prudential Insurance Company of America; and the auditing judge so rules. . . .

*Samuel W. Salus*, for exceptant; *Felix Piekarski*, contra.

SINKLER, J., October 27, 1933.—The learned auditing judge has correctly interpreted the writing admitted to probate as the testator's last will. It is manifest that he intended Theodore Jazieck to be the recipient of only the proceeds of the policies of life insurance issued by the Mutual Life Insurance Company of Baltimore. This is in effect the only question raised by the exceptions to the adjudication.

The exceptions are dismissed and the adjudication is confirmed absolutely.